## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:13-MJ-749** |
| | ) | |
| **KYLE ALIFOM,** | ) | **Hearing Date: December 19, 2013** |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## <u>DEFENDANT'S BRIEF RE DETENTION</u>

COMES NOW the Defendant, KYLE ALIFOM, by and through his counsel, Kevin Brehm, and submits this brief in opposition to the request by the government for detention in this case. Instead, Mr. Alifom requests that this Court release him with significant bond conditions, such as supervision by the Pretrial Services Office, residing with a third party custodian, a strict curfew, residential drug treatment, and/or home confinement with electronic or GPS monitoring.

### History of the Case

Mr. Alifom is a 20 year-old citizen of the United States, and a life-time resident of the metropolitan Washington, D.C. area. He currently lives with his parents in Vienna, Virginia, although he recently had entered a residential drug treatment program (A New Beginnings) in Chantilly, Virginia, which is where he was arrested on December 12, 2013 (on the warrant issued in this case on December 5, 2013). He has been gainfully employed during the past few years at retail businesses and a restaurant in northern Virginia.

Mr. Alifom has several misdemeanor convictions, primarily related to marijuana and alcohol

use, and <u>no</u> felony convictions. The Pretrial Services report <u>incorrectly</u> refers to a conviction on September 30, 2013 for "sale, distribution of marijuana," but that charge was actually reduced to misdemeanor simple possession of marijuana. The Pretrial Services report also <u>incorrectly</u> refers to a conviction on May 28, 2013 for "enter house to commit A&B," but that charge was actually reduced to misdemeanor trespass.

On August  23, 2013, Mr. Alifom, who had *not* been arrested, agreed to talk with the investigating officer without the presence or assistance of counsel. During that interview, Mr. Alifom was forthright in providing information about his participation in the alleged criminal activity. Mr. Alifom was arrested in this case on December 12, 2013, and was cooperative during the arrest, did not possess any weapons or drugs, and again agreed to speak with the officer without counsel being present.

Mr.  Alifom is now charged under 18 U.S.C. §3 only with being an "accessory *after* the fact" (emphasis added) to an already completed distribution of a personal use amount of heroin by another individual. As shown in the Affidavit to the Complaint, Mr.  Alifom was merely the recipient of a small, personal use amount of heroin on August 21, 2013, which he immediately consumed. Since he only received a small amount of heroin, and did *not* transfer any of it to anyone else, or intend to transfer any of it, he *cannot* be charged with the substantive drug offenses of distribution of heroin or possession with intent to distribute heroin, but only the lesser offense of simple possession of heroin in violation of 21 U.S.C. §844 (which has a statutory maximum *well below* 10 years imprisonment).  In addition, since Mr.  Alifom was merely the "buyer" of a small, personal use amount of heroin on August 21, 2013, he *cannot* be charged with "conspiracy" to commit the crimes of distribution of heroin or possession with intent to distribute heroin because the long-recognized

2

"buyer-seller" rule applies to his conduct. *See United States v. Thomas*, 489 Fed. Appx. 688, 691-92 (4th Cir. 2012); *United States v. Edmonds*, 679 F.3d 169, 173-74 (4th Cir. 2012); *United States v. Leonard*, 777 F. Supp.2d 1025, 1036-38 (W.D.Va. 2011).

## A.      Detention is Not Available in This Case

Title 18, U.S.C. §3142(f) provides for a detention hearing but "limits such hearings" to the specific circumstances listed in §3142(f). *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992). Under the current version of §3142(f), there are now seven (7) such circumstances, none of which apply to Mr. Alifom. A detention hearing can be held only if one of those circumstances is present. *United States v. Byrd*, 969 F.2d at 109, 110. Therefore, detention can be ordered only "in a case that involves" one of those circumstances. *Id.* at 109. Section 3142(f) authorizes pretrial detention "only upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute." *United States v. Butler*, 165 F.R.D. 68, 71 (N.D. Ohio 1996).

Pursuant to 18 U.S.C. §3142(f)(1), a detention hearing on the motion of the government is available only in certain limited cases. Those cases are restricted to specific serious felony offenses constituting a crime of violence, a statutory maximum of life imprisonment or death, charged under the controlled substances laws, or a non-violent felony where the elements involve a minor victim or a firearm or other dangerous weapon; or where the present case is any felony if the defendant has two or more previous such serious felony convictions (involving violence, a statutory maximum of life imprisonment or death, or controlled substances). Those criteria do not apply to Mr. Alifom in the present case. He is charged only with "accessory *after* the fact" (emphasis added) to an already completed distribution by another individual of a personal use amount of heroin.

Pursuant to 18 U.S.C. §3142(f)(2)(A) and (B), a detention hearing on the motion of the government or on the court's own motion is <u>only</u> available if there is a "serious risk" that the defendant "will flee" (not merely fail to appear), or if there is a "serious risk" that the defendant "will attempt" to obstruct justice or threaten/intimidate a potential witness or juror. Since neither of those two criteria applied to Mr. Alifom in the present case, the court lacks authority to hold a detention hearing and to consider ordering detention rather than bond.

The statute does not mention anything about "failure to appear", which is a concept separate and distinct from "will flee" and far less serious than "will flee".

## B.    The Government Has the Burden of Persuasion

Even assuming that detention may be considered by the Court in this case, the government must prove dangerousness by "clear and convincing" evidence, and must prove risk of flight by a "preponderance of the evidence." *See United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988); 18 U.S.C. §3142(f). The government is unable to meet that burden in the present case.

The defendant cannot be detained unless the government proves, and the court finds, that there are no release conditions that will "reasonably assure" the safety of the community. *See United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). The Bail Reform Act contemplates only that a court be able to "reasonably assure", rather than guarantee, the safety of the community. *United States v. Hir*, 517 F.3d at 1092. In determining whether any combination of conditions is sufficient to assure the objectives of pretrial release, the court cannot read §3142 to require a guarantee against flight or danger. *See United States v. Portes*, 786 F.2d 758, 764 n.7 (7th Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985).

4

There exist significant bond conditions, such as supervision by the Pretrial Services Office, residing with a third party custodian, a strict curfew, residential drug treatment, and/or home confinement with electronic or GPS monitoring, that are clearly sufficient to "reasonably assure" the presence of Mr. Alifom at future court proceedings and the safety of the community.

If the plan for pretrial release conditions offered by the defendant is reasonable, and provides a means of monitoring his compliance with the terms and conditions of pretrial release, then the defendant should <u>not</u> be detained. *See United States v. Walters*, 89 F.Supp.2d 1217, 1222 (D.Kan. 2000).

**C.     The Government's Own Policy Re Detention**

In Section 26 of the Criminal Resource Manual (CRM), which is part of Title 9 of the United States Attorneys Manual (USAM), the government acknowledges that once a judicial officer has made the determination that a defendant does not qualify for simple "personal recognizance" release under 18 U.S.C. §3142(b), then the judicial officer "must follow Section 3142(c)." The government also states  that under §3142(c) the judicial officer "*must impose the least restrictive condition or combination of conditions* necessary to 'reasonably assure' the defendant's appearance as required and to 'reasonably assure' the safety of any person and the community." (Emphasis in original).

In addition, the government asserts in Section 26 that "it is important to note that Section 3142 speaks only of conditions that will 'reasonably' assure appearance, not guarantee it", citing *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996)(per curiam). The government reaffirms that point later, stating that the Bail Reform Act requires the pretrial detention of a defendant "only if" a judicial officer determines that "no conditions or combination of conditions" exist which will "reasonably assure" the appearance of the person (again citing *United States v. Xulam*) and the safety

5

of the any other person and the community, citing *United States v. Rodriguez*, 897 F. Supp. 1461, 1463 (S.D.Fla. 1995).

With respect to the issue of whether detention can even be considered, the government in Section 26 acknowledges that 18 U.S.C. §3142(f) defines *only* a few limited situations in which a detention hearing may be held. The government then states that §3142(f) "does not authorize a detention hearing in the absence of one of the [six] situations" set forth in that statute, quoting *United States v. Butler*, 165 F.R.D. 68, 71 (N.D. Ohio 1996). Of equal importance, Section 26 mentions that the "government is required to demonstrate that there are grounds for a hearing" under the specific provisions of §3142(f), quoting *United States v. Butler*, 165 F.R.D. at 71.

On this issue, Section 26 says explicitly "the government may *not* request a detention hearing only on the allegations of danger to the community or another person." (Emphasis added). The government then recognizes that §3142(f) authorizes pretrial detention "*only* upon *proof* of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes *actually specified by the bail statute*", again quoting *United States v. Butler*, 165 F.R.D. at 71. (Emphasis added).

**D.      No Rebuttable Presumption**

This is not a case where there is a "rebuttable" presumption of detention, because the complaint does not specifically charge a controlled substance offense for which the defendant could be sentenced to more than ten years. *See* 18 U.S.C. § 3142(e).  Even if such a presumption existed, once Mr. Alifom rebuts that presumption, the Court must release him on the least restrictive conditions possible that will reasonably assure his appearance at trial and prevent danger to any other person or the community. *Id.* §§ 3142(b), © & (e).

If the statutory presumption is raised, then Mr. Alifom only has the burden of "production" to come forward with "some evidence" to contradict the presumption that no conditions exist that will reasonably assure the safety of the community and reasonably assure the defendant's appearance. *See United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990); *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). This burden of production "is not a heavy one to meet." *United States v. Dominguez*, 783 F.2d at 707. Mr. Alifom simply has the burden to produce evidence "to suggest" that he is neither dangerous or likely to flee if released on bail. *United States v. Quartermaine*, 913 F.2d at 916. The burden of production is merely "to offer some credible evidence contrary to the statutory presumption." *United States v. Miller*, 625 F.Supp. 513, 519 (D.Kan.1985).

"Any evidence" favorable to a defendant that comes within a category listed in 18 U.S.C. §3142(g) can rebut the presumption, including evidence of marital, family and employment status; ties to and role in the community; lack of criminal record; and other types of evidence encompassed in §3142(g)(3). *United States v. Dominguez*, 783 F.2d at 707. Where the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, the presumption has been rebutted. *United States v. Jackson*, 845 F.2d 1262, 1266 (5th Cir. 1988).

E.     **The Government Has the Burden of Persuasion in a Presumption Case**

Although the statutory presumption under 18 U.S.C. §3142(e) shifts the burden of "production" to the defendant, the "burden of persuasion" as to the issue of detention does not shift and remains with the government. *See United States v. Quartermaine*, 913 F.2d at 916; *United States v. Hir*, 517 F.3d 1081, 1086 ; *United States v. Walters*, 89 F.Supp.2d 1217, 1220 (D.Kan. 2000); 3B Wright & Miller, *Federal Practice & Procedure* § 765.1. In this regard, the government

7

must still prove dangerousness by "clear and convincing" evidence, and must prove risk of flight by a "preponderance of the evidence." *See United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988); 18 U.S.C. §3142(f).

If a defendant proffers evidence to rebut the presumption, the court must consider the four factors identified in 18 U.S.C. §3142(g) in determining whether the government has met its burden of persuasion regarding pretrial detention. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008); *United States v. Jackson*, 845 F.2d at 1265. In meeting its burden, the government cannot simply argue that the statutory presumption, coupled with the allegations of the complaint, are alone sufficient to satisfy §3142(g). *United States v. Jackson*, 845 F.2d at 1266. The government is required to make a serious attempt to support its request for pretrial detention by offering extrinsic incriminatory evidence. *Id.* Moreover, "the presumption itself would be inadequate to prove dangerousness, so the prosecution must introduce other evidence in addition." *United States v. Cox*, 635 F. Supp. 1047, 1052 (D. Kan. 1986). Thus, when the presumption is preliminarily rebutted, it is improper to base a finding of dangerousness solely on the presumption. *United States v. Dominguez*, 783 F.2d at 707.

Even if the presumption of dangerousness exists under 18 U.S.C. § 3142(e), Mr. Alifom cannot be detained unless the government proves, and the court finds, that there are no release conditions that will "reasonably assure" the safety of the community. *See United States v. Hir*, 517 F.3d at 1092; *United States v. Dominguez*, 783 F.2d at 707. The Bail Reform Act contemplates only that a court be able to "reasonably assure", rather than guarantee, the safety of the community. *United States v. Hir*, 517 F.3d at 1092. In determining whether any combination of conditions is sufficient to assure the objectives of pretrial release, the court cannot read §3142 to require a

8

guarantee against flight or danger.  *See United States v. Portes*, 786 F.2d 758, 764 n.7 (7th Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985).

## II.      Factors Weigh in Favor of Release on Bond in This Case

Mr. Alifom has maintained a stable residence in the Eastern District of Virginia with both of his parents, who are willing and able to serve as a third party custodian. He has also maintained lawful employment at numerous times.

There exist significant bond conditions that are clearly sufficient to "reasonably assure" the presence of Mr. Alifom at future court proceedings and the safety of the community. Such bond conditions include supervision by the Pretrial Services Office, third party custodian, a strict curfew, home confinement ("house arrest") with electronic or GPS monitoring, and/or residential drug treatment.

The government does not dispute that on August  23, 2013, Mr. Alifom, who had *not* been arrested, agreed to talk with the investigating officer without the presence or assistance of counsel. During that interview, Mr. Alifom was forthright in providing information about his participation in the alleged criminal activity. Therefore, it is now in Mr. Alifom's interest to continue with his cooperation, which would include compliance with any bond conditions including house arrest. In addition, following that interview, Mr. Alifom remained in the community and did not attempt to flee or avoid prosecution. In fact, he later entered a residential drug treatment program, where he was easily located and arrested soon after the warrant was issued in this case.

In support of its argument for detention, the government may place undue emphasis on the criminal record of Mr. Alifom. He has several misdemeanor convictions, primarily related to alcohol

and marijuana possession and use, and  no felony convictions. None of those convictions indicate

that *at present* he is a serious risk of flight or danger to the community. In addition, there have been

many occasions when Mr. Alifom was given a summons, or released on bond, and then later made

his court appearance and also paid his fines and court fees.

Furthermore, none of the convictions meet the government's burden of proof that specific

bond conditions, such as supervision by the Pretrial Services Office, third party custodian, a strict

curfew, home confinement ("house arrest") with electronic or GPS monitoring, and/or residential

drug treatment, are not sufficient to "reasonably assure" the presence of Mr. Alifom at future court

proceedings and the safety of the community.

Should the government argue that since Mr. Alifom allegedly committed the present crime

while living with his parents, and thus they are not adequate third party custodians, such a contention

fails to recognize that they were never previously directed by a court to act in the bond capacity of

"third party custodian" nor did any previous court include as a bond condition home confinement

("house arrest") with electronic or GPS monitoring. Such conditions imposed now in this case are

sufficient to "reasonably assure" the presence of Mr. Alifom at future court proceedings and the

safety of the community. Again, it is undisputed that the Bail Reform Act contemplates *only* that

bond conditions be able to "reasonably assure", rather than guarantee, the safety of the community

and the appearance of the defendant.

None of the limited situations in which a detention hearing may be held, as set forth in

§3142(f), exist in this case. Therefore, the detention of Mr. Alifom is not an available alternative.

Instead, under §3142©, this Court must impose the least restrictive condition or combination of

conditions necessary to "reasonably assure" (not "guarantee") the defendant's appearance as required

10

and the safety of any person and the community. A combination of the special release conditions set forth above will clearly provide such a "reasonable" assurance.

WHEREFORE, Mr. Alifom respectfully requests that this Court set appropriate conditions for his release on bond.

Respectfully submitted,

KYLE ALIFOM

By Counsel,

Michael S. Nachmanoff,
Federal Public Defender

By: _____/s/_____
Kevin Brehm
Assistant Federal Public Defender
VA Bar number 82895
Attorney for Kyle Alifom
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
703-600-0825
703-600-0880 (fax)
kevin_brehm@fd.org

11

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael Ben'Ary, Esq.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
(703) 299-3981 (fax)
michael.ben'ary2@usdoj.gov

_____/s/_____
Kevin Brehm
Assistant Federal Public Defender
VA Bar number 82895
 Attorney for Kyle Alifom
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
703-600-0825
703-600-0880 (fax)
 kevin_brehm@fd.org

12