IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:14-cr-47 |
| | ) | |
| KYLE ALIFOM, | ) | |
| | ) | |
| Defendant. | ) | |

FEB 10 2014

U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## STATEMENT OF FACTS

Were this matter to go to trial, the United States of America would prove the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about August 22, 2013, in Fairfax County, Virginia, within the Eastern District of Virginia, the defendant, KYLE ALIFOM, corruptly concealed and attempted to conceal an object with the intent to impair the object's integrity or availability for use in an official proceeding, in violation of Title 18, United States Code, Section 1512(c)(1).

2. Emylee Arynn Lonczak, a 16-year-old resident of McLean, Virginia, contacted the defendant on August 21, 2013 to socialize. The defendant and a friend of his, hereinafter referred to as W-1, picked up Lonczak up at her Fairfax County residence. The defendant, W-1 and Lonczak then traveled to pick up another friend of the defendant and W-1, hereinafter referred to as W-2.

3. The group drove from the Eastern District of Virginia to the District of Columbia with the intention of purchasing heroin from W-2's source of supply for heroin.

4. W-2 contacted the heroin dealer, and they established a meeting place. W-2 left the vehicle to purchase an amount of heroin from the heroin dealer.

5. After purchasing the heroin, W-2 prepared the heroin for intravenous usage while sitting in the vehicle with the group. Each of the group used a separate hypodermic needle, and approximately 30cc of heroin were placed in each needle.

6. Lonczak, who was not a heroin user, was unable to administer the heroin to herself intravenously because she could not find a vein. W-2 assisted Lonczak by injecting her with heroin from the needle she was using.

7. After purchasing and using the heroin, the group headed back to Virginia. During the drive from the District of Columbia to Virginia, the defendant, W-1 and W-2 noticed that Lonczak was unconscious.

8. When the group arrived at W-2's residence, within the Eastern District of Virginia, the defendant, W-1 and W-2 exited the vehicle. Lonczak was still unconscious in the back seat of the vehicle. W-2 remained at his residence, and W-1 drove the defendant and Lonczak to the defendant's residence, located in the Vienna area of Fairfax County, within the Eastern District of Virginia.

9. W-1 helped the defendant carry Lonczak into the basement of the residence. W-1 and the defendant placed Lonczak in a bed located in a basement bedroom. W-1 then left the residence.

10. When the defendant woke up the following morning, he discovered that Lonczak was dead.

11. The defendant dragged Lonczak's body through the grass behind his residence to an area of shrubbery behind a neighbor's house. The defendant covered Lonczak's body with an abandoned screen window in an attempt to conceal the body.

12. On August 23, 2013, Fairfax County Police officers discovered Lonczak's body.

13. The Virginia Department of Health, Office of the Chief Medical Examiner determined that Lonczak had a fatal level of morphine in her system, with the presence of a metabolite that confirms that heroin was the source of that morphine. Emylee Lonczak's death was as a result of the use of heroin.

14. The actions of the defendant as recounted above were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

15. The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

Dana J. Boente
Acting United States Attorney

By: *(signature)*
Michael P. Ben'Ary
Assistant United States Attorneys

## Defendant's Stipulation and Signature

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
KYLE ALIFOM

## Defense Counsel's Signature

I am the attorney for KYLE ALIFOM. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is informed and voluntary.

_____
Kevin Brehm, Esq.
Counsel for the Defendant